UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GUY MCEACHIN,

                                        **Plaintiff,**

                      v.                                        9:04-CV-83
                                                                (FJS/RFT)

**DONALD SELSKY, Director of SHU, DOCS;**
**JEFF MINNERLY, Plant Worker, Auburn**
**C.F.; VIRGINIA ANDROSKO, Facility**
**Nurse, Auburn C.F.; and J. PORTEN, C.O.**
**Auburn C.F.,**

                                        **Defendants.**
_____

**APPEARANCES**                                         **OF COUNSEL**

**GUY MCEACHIN**
**00-A-5257**
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                      **MARIA MORAN, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455
Attorneys for Defendants

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Guy McEachin filed this action against Defendants on January 23, 2004, pursuant to 42 U.S.C. § 1983, in which he asserted that Defendants (1) retaliated against him in

violation of the First Amendment to the United States Constitution, (2) violated his rights under the Fifth Amendment to the United States Constitution, (3) subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and (4) denied him procedural and substantive due process in violation of his rights under the Fourteenth Amendment to the United States Constitution.

Currently before the Court are Magistrate Judge Treece's March 23, 2005 Report-Recommendation and Order, in which he recommended that this Court grant Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in its entirety,[1] and Plaintiff's objections thereto.

## II. BACKGROUND[2]

Plaintiff's claims arise from two separate incidents that occurred while he was incarcerated at the Auburn Correctional Facility. In the first incident, which occurred on January

---

[1] Specifically, Magistrate Judge Treece found (1) that the Eleventh Amendment barred Plaintiff's claims against Defendants in their official capacities; (2) that, whether or not Plaintiff had failed to exhaust his administrative remedies as to his First and Eighth Amendment claims, the Court could consider the merits of those claims; (3) that Plaintiff had failed to plead any facts to support his claim that Defendant Selsky was personally involved in the violation of his constitutional rights; (4) that inmates have no constitutional right to be free from being falsely accused; (5) that Plaintiff did not provide any evidence that his confinement to SHU and his loss of certain privileges constituted an atypical or significant hardship; (6) that the Supreme Court's decisions in *Heck v, Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), barred Plaintiff's § 1983 due process and retaliation claims; (7) that Plaintiff failed to provide any evidence of a violation of any of his Fifth Amendment rights; and (8) that Plaintiff had not alleged any facts to support his assertion that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment.

[2] Given the procedural posture of this case, the Court accepts, as true, the facts that Plaintiff alleged in his complaint.

5, 2001, Defendant Porten violated Plaintiff's First Amendment rights by filing a misbehavior report against him in retaliation for a grievance that he had submitted six days earlier against Defendant Porten's co-workers, who beat Plaintiff unnecessarily while he was incarcerated. *See* Complaint at ¶ 6. In the misbehavior report, Defendant Porten alleged that Plaintiff had violated prison rules by engaging in harassment, refusing a direct order, making threats, and causing property damage. *See* Report-Recommendation and Order at 2 (citing Dkt. No. 1, Compl. at ¶ 6(A), (B) & (F)).

On January 11, 2001, Defendant Minnerly conducted a hearing regarding the allegations contained in Defendant Porten's misbehavior report and found Plaintiff guilty of each violation cited therein. *See id.* Plaintiff asserts that Defendant Minnerly violated his Fifth, Eighth and Fourteenth Amendment rights by finding him guilty of these violations and by assigning him to a Special Housing Unit ("SHU") for 120 days, with a corresponding loss of privileges, as well as a recommendation that Plaintiff lose 180 days of good time credit.

The second incident, about which Plaintiff complains, occurred on May 8, 2001, when Defendant Androsko violated Plaintiff's Eighth and Fourteenth Amendment rights by issuing a misbehavior report against him, with no authority to do so, for violating prison rules against interference and harassment. Once again, at the conclusion of a disciplinary hearing, the hearing officer found Plaintiff guilty of the cited violations and sentenced him to an additional forty days in SHU and another loss of privileges and good time credit.

Finally, with respect to both incidents, Plaintiff alleges that Defendant Selsky violated his Eighth and Fourteenth Amendment rights by upholding the guilty determinations that the two hearing officers reached at the conclusion of the disciplinary hearings.

### III. DISCUSSION

**A.    Standards of review**

The Court must review *de novo* those findings in a magistrate judge's report-recommendation to which a party has filed timely objections and for clear error those parts of the report-recommendation to which there are no objections. *See Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003) (citing 28 U.S.C. § 636(b)(1)(C)); Fed. R. Civ. P. 72; *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

In addressing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the plaintiff's well-pleaded allegations as true and must liberally construe those facts in the light most favorable to the plaintiff. *See Easton v. Sundram*, 947 F.2d 1011, 1014-15 (2d Cir. 1991). Moreover, the court must construe a *pro se* complaint more leniently and determine the sufficiency of the claims according to a more flexible standard than those pleadings that lawyers submit. *See Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir. 1991) (citations omitted). Thus, dismissal for failure to state a claim is not proper "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)) (other citation omitted). Nonetheless, the court should not assume that "the [plaintiff] can prove facts that [he] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

**B.     Plaintiff's claims against Defendants in their official capacities**

The Eleventh Amendment bars suits for damages against state officials sued in their official capacities. *See Berman Enters., Inc. v. Jorling*, 3 F.3d 602, 606 (2d Cir. 1993) (citing *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). However, the Eleventh Amendment is not a bar to suits against state officials in their official capacities for prospective injunctive relief or suits for damages against state officials in their personal capacities. *See id.* (citations omitted).

Applying this standard, Magistrate Judge Treece recommended that the Court dismiss all of Plaintiff's causes of action against Defendants in their official capacities pursuant to the Eleventh Amendment. *See* Report-Recommendation and Order at 6. Moreover, although Magistrate Judge Treece acknowledged that Eleventh Amendment immunity is limited to claims that seek compensatory monetary relief against state officials, he concluded that, because Plaintiff did not seek any injunctive or declaratory relief, all of Plaintiff's claims against Defendants in their official capacities were subject to dismissal under the Eleventh Amendment.[3] *See id.*

Plaintiff did not file any specific objection to this recommendation. However, although Plaintiff concedes that he may not sue Defendants in their official capacities for monetary damages, he argues that a liberal reading of his complaint demonstrates that he intended to sue Defendants in both their individual and official capacities. *See* Petitioner's Objections, dated

---

[3] In his complaint Plaintiff asserts that he is suing "each defendant . . . in their individual and official capacity in the amount of $500,000 in compensatory damages . . . $500,000 in punitive damages . . . and $500,000 for past pain, suffering and mental anguish." *See* Complaint at ¶ 9.

April 21, 2005, at 1. Thus, Plaintiff maintains that he may seek compensatory monetary damages from Defendants, all of whom are state employees, in their individual capacities under § 1983.

It appears that Plaintiff's objection is based upon his misinterpretation of Magistrate Judge Treece's conclusion. In this regard, it is clear that Magistrate Judge Treece did not hold that the Eleventh Amendment barred Plaintiff's claims for monetary relief against Defendants in their individual capacities, nor did he indicate that Plaintiff had sued Defendants only in their official capacities.

The law is well-settled, as Plaintiff acknowledges, that the Eleventh Amendment bars § 1983 claims seeking monetary relief against state employees sued in their official capacities. Accordingly, the Court adopts Magistrate Judge Treece's recommendation and dismisses all of Plaintiff's claims against Defendants in their official capacities.

**C.     Plaintiff's Fifth Amendment claims**

The Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides that

> [n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.

U.S. Const. amend. V.

After reviewing the rights that the Fifth Amendment protects, Magistrate Judge Treece

reasoned that, with the exception of the Takings Clause, the Fifth Amendment does not provide a cause of action upon which grievances may be addressed; but rather, it provides a defendant in a criminal case with a "penumbra of rights (i.e., freedom from double jeopardy, self-incrimination, denial of liberty without due process of law)." *See* Report-Recommendation and Order at 26. Therefore, Magistrate Judge Treece recommended that this Court grant Defendants' motion to dismiss Plaintiff's Fifth Amendment claims.

Plaintiff does not object to this recommendation nor would any such objection have any legal merit. Accordingly, the Court adopts Magistrate Judge Treece's recommendation and grants Defendants' motion to dismiss Plaintiff's claims that they violated his Fifth Amendment rights.

**D.   Exhaustion of administrative remedies**[4]

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Furthermore, as this

---

[4] Since the Court has dismissed Plaintiff's Fifth Amendment claims, it only needs to address the exhaustion issue with respect to Plaintiff's First and Eighth Amendment claims. The Court notes, however, that Magistrate Judge Treece recommended that the Court grant Defendants' motion to dismiss Plaintiff's Fifth Amendment claim on this ground as well.

Court previously noted, the Supreme Court has held that the PLRA's exhaustion requirement applies even to suits where money damages are not available and the plaintiff seeks only money damages, provided that "the grievance tribunal has authority to take some responsive action." *Thomas v. Wright*, No. CIV. 9:99 CV 2071, 2002 WL 31309190, *5 (N.D.N.Y. Oct. 11, 2002) (citing *Booth v. Churner*, 531 U.S. 731, 741, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001)).

Under New York's regulations, in order for an inmate to exhaust his administrative remedies, he must complete the following three-step process before seeking relief pursuant to § 1983 in federal court, *see Reyes v. Punzal*, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002) (citations omitted): (1) submit a grievance to the Inmate Grievance Review Committee ("IGRC") for its determination, (2) submit an appeal from an adverse IGRC determination to the superintendent of the facility for review and determination, and (3) submit an appeal from an adverse superintendent's determination to the Central Office Review Committee ("CORC") for a final administrative determination. *See* N.Y. Comp. Codes R. & Regs. tit. 7 § 701.7.

A plaintiff's failure to comply with the PLRA's exhaustion requirement is an affirmative defense that the defendant must raise, *see Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999), and upon which the defendant bears the burden of proof. *See Howard v. Goord*, No. 98-CV-7471, 1999 WL 1288679, *3 (E.D.N.Y. Dec. 28, 1999) (citations omitted). If the defendant asserts this defense, the plaintiff may defeat it either by showing a lack of evidence to prove the defense or by "delay[ing] the ultimate determination as to its validity until trial by showing that there is a genuine issue of material fact to be determined." *Id.* (citations omitted).

Moreover, in a case such as the present one, in which the complaint contains both exhausted and unexhausted claims, the court is not required to dismiss the action in its entirety,

*see Ortiz v. McBride*, 380 F.3d 649, 663 (2d Cir. 2004), because requiring prisoners to return to court a second time with only their exhausted claims would not "'reduce the quantity and improve the quality of prisoner suits,' *Porter*, 534 U.S. at 524, 122 S. Ct. 983, [nor would it] 'help bring relief to a civil justice system overburdened by frivolous prisoner lawsuits,' *see id.* 141 Cong. Rec. 26, 553 (1995) (Statement of Sen. Hatch)."

Applying the PLRA's exhaustion requirement to Plaintiff's allegations, Magistrate Judge Treece recommended that the Court grant Defendants' motion to dismiss Plaintiff's Eighth Amendment claims for failure to exhaust his administrative remedies and deny the motion with respect to Plaintiff's First Amendment claim. *See* Report-Recommendation and Order at 12.

Plaintiff does not specifically object to this recommendation, and it is clear that, although he did exhaust his administrative remedies with respect to his First Amendment claim, he did not do so with respect to his Eighth Amendment claims. Accordingly, the Court adopts Magistrate Judge Treece's recommendation and grants Defendants' motion to dismiss Plaintiff's Eighth Amendment claims and deny Defendants' motion to dismiss Plaintiff's First Amendment claim on this ground.

**D.    The merits of Plaintiff's Eighth Amendment claims**[5]

"The Eighth Amendment prohibits the infliction of 'cruel and unusual punishment,' U.S. Const. amend. VIII, and applies to states through the Due Process Clause of the Fourteenth

---

[5] Although the Court granted Defendants' motion to dismiss Plaintiff's Eighth Amendment claims for failure to exhaust his administrative remedies, it has also reviewed the merits of those claims. Having done so, the Court finds them without merit for the reasons stated herein and, thus, subject to dismissal on this alternative ground as well.

Amendment." *Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (citing *Robinson v. California*, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). The Second Circuit has held that, in order to prove a violation of his Eighth Amendment rights, a prisoner must demonstrate "(1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citation omitted). Moreover, the Eighth Amendment only protects an inmate from the "'unnecessary and wanton infliction of pain.'" *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quotation omitted). It "'does not mandate comfortable prisons.'" *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (quotation omitted).

In addition, when an inmate challenges prison conditions, he must demonstrate that the defendant, about whose conduct he complains, has the requisite mental state, i.e., that he has shown "deliberate indifference" to the inmate's health or safety. *See Farmer*, 511 U.S. at 834. This deliberate indifference standard has both an objective and subjective component. *See Rivera v. Goord*, 119 F. Supp. 2d 327, 336-37 (S.D.N.Y. 2000) (citation omitted). Objectively, the alleged deprivation must be "sufficiently serious." *Id.* at 337 (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). Subjectively, "[t]he plaintiff must allege that an official '"knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."'" *Id.* (quotation omitted).

Relying upon these well-established legal principles, Magistrate Judge Treece

recommended that the Court grant Defendants' motion to dismiss Plaintiff's Eighth Amendment claims because he failed to allege any facts to support a claim that Defendants acted with deliberate indifference to his health or safety. *See* Report-Recommendation and Order at 28. In addition, Magistrate Judge Treece noted that a combined total time of 160 days in SHU and a loss of good time credits, in and of themselves, did not constitute cruel and unusual punishment. *See id.*

Plaintiff does not object to this recommendation and well-established legal principles support Magistrate Judge Treece's conclusions regarding this issue. Accordingly, the Court adopts Magistrate Judge Treece's recommendation and grants Defendants' motion to dismiss Plaintiff's Eight Amendment claims on their merits.

**E.     Plaintiff's First Amendment retaliation claim against Defendant Porten**

The Second Circuit has "held that a prisoner has a substantive due process right not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right," which includes the filing of grievances regarding prison conditions. *Jones v. Coughlin*, 45 F.3d 677, 679-80 (2d Cir. 1995) (citing *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988)). In order to state a claim for retaliation, an inmate must establish (1) that he was engaged in a constitutionally protected activity, (2) that the defendant took adverse action against him, and (3) that the protected activity substantially motivated the alleged adverse action. *See Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002) (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir.2001)).

With regard to the second prong of a retaliation claim, a plaintiff can demonstrate that the

defendant took adverse action against him by showing (1) evidence of the temporal proximity between the protected activity and the retaliatory act, (2) a record of his good behavior, (3) his vindication at his disciplinary hearing, and (4) defendant's statements regarding his motive for the discipline. *See Colon v. Coughlin*, 58 F.3d 865, 872-73 (2d Cir. 1995). Furthermore, "'only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation.'" *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (quoting *Dawes*, 239 F.3d at 493) (other citations omitted).

Applying these standards to Plaintiff's claim, Magistrate Judge Treece concluded that Plaintiff had alleged facts sufficient to give rise to a "colorable suspicion of retaliation," because of the temporal proximity between the filing of Plaintiff's grievance and Defendant Porten's filing of the misbehavior report. *See* Report-Recommendation and Order at 23. Nonetheless, he concluded that the Supreme Court's decisions in *Heck* and *Edwards* barred Plaintiff from asserting this claim under § 1983. *See id.* at 24.

In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487.

The Supreme Court subsequently extended its ruling in *Heck* to situations in which a state prisoner challenges the validity of a disciplinary proceeding that resulted in a loss of good time

-12-

credits. *See Edwards*, 520 U.S. at 648. However, the Second Circuit has identified an exception to this general rule, explaining that *Heck* and *Edwards* do not bar an inmate's § 1983 suit challenging a disciplinary hearing where that proceeding "does not affect the overall length of the prisoner's confinement . . . ." *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999).

Applying these well-established principles, Magistrate Judge Treece concluded that *Heck* and *Edwards* barred Plaintiff from asserting his claims under § 1983 because all of his claims, including his First Amendment retaliation claim, called into question the hearing officers' determinations that Plaintiff was guilty of violating prison rules. *See id.* at 25. He also found that *Heck* and *Edwards* applied to this case because Plaintiff was challenging the validity of two hearings that directly related to his overall period of confinement and that, therefore, if Plaintiff successfully litigated his due process and retaliation claims, it would require the invalidation of his disciplinary hearings. Therefore, because there was nothing in the record to indicate that the results of the disciplinary segregation hearings had been invalidated, he concluded that *Heck* and *Edwards* barred Plaintiff's claims arising from these hearings. Accordingly, Magistrate Judge Treece recommended that this Court dismiss these claims unless Plaintiff could demonstrate that the results of these disciplinary hearings had been invalidated. *See id.*

Plaintiff objects to Magistrate Judge Treece's recommendation, arguing that he is not challenging the fact or duration of his confinement but rather is challenging the conditions of his confinement, i.e., the disciplinary segregation and revocation of certain privileges. Plaintiff also objects, asserting that he is only challenging DOCS' procedure governing its directive and its hearing function and the conduct of its employees whom he has named as Defendants in this action. *See* Objections at 11. Finally, Plaintiff argues that *Heck* does not apply to this case

-13-

because his claims do not call into question the validity of his conviction and, therefore, the Court should deny Defendants' motion and permit discovery on this issue. *See id.* at 10-11.

Despite his argument to the contrary, a review of Plaintiff's complaint clearly demonstrates that his due process and First Amendment retaliation claims – unlike his Eighth Amendment claims – question the validity of the disciplinary hearings that resulted in his confinement in SHU and his loss of certain privileges. Moreover, because Plaintiff has offered no proof that the results of these hearings were overturned or invalidated, *Heck* and *Edwards* bar these claims. Accordingly, the Court adopts Magistrate Judge Treece's recommendation and grants Defendants' motion to dismiss Plaintiff's due process and retaliation claims against all Defendants.[6]

### IV. CONCLUSION

After carefully considering Magistrate Judge Treece's Report-Recommendation and Order, Plaintiff's objections, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Treece's Report-Recommendation and Order, dated March 23, 2005, is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint is **GRANTED IN ITS**

---

[6] The dismissal of Plaintiff's due process and retaliation claims pursuant to *Heck* and *Edwards* makes it unnecessary for this Court to determine whether Defendants violated Plaintiff's procedural and substantive due process rights because those claims call into question the validity of his disciplinary hearings and, therefore, are subject to dismissal on that ground alone. Additionally, the Court need not address the issue of whether Defendant Selsky was personally involved in any of the alleged constitutional violations with respect to Plaintiff's Fourteenth and Eighth Amendment claims because the Court has dismissed these claims on other grounds.

**ENTIRETY**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: August 30, 2005
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Chief United States District Court Judge