UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GUY McEACHIN,

                                                   Plaintiff,

                                             v.                                 9:04-CV-0083
                                                                  (FJS)(RFT)

DONALD SELSKY, *Director of SHU*; JEFF MINNERLY, *Plant Worker, Auburn Correctional Facility*; VIRGINIA ANDROSKO, *Facility Nurse, Auburn Correctional Facility*; J. PORTEN, *C.O., Auburn Correctional Facility*,

                                                  Defendants.

APPEARANCES:                               OF COUNSEL:

GUY McEACHIN
Plaintiff, *pro se*
00-A-5257
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO                   MARIA MORAN, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

     By Order of this Court filed September 26, 2007, Plaintiff Guy McEachin was directed to advise the Court in writing whether he waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement in order to proceed with his due process and retaliation claims challenging the sanctions affecting the conditions of his

confinement. Dkt. No. 31 (the "September Order").[1] The September Order specifically warned Plaintiff that his failure to timely file the required statement would be deemed to constitute his refusal to waive these claims, and would constitute grounds for dismissal of this action. *Id*. at 3, 4. Plaintiff was afforded thirty days from the date of the September Order in which to advise the Court of his intentions. *Id*. at 4.

By letter dated October 21, 2007, Plaintiff requested additional time in which to comply with the September Order. Dkt. No. 32. Plaintiff's request was granted, and the compliance deadline was reset to December 29, 2007. *Id*.

Plaintiff requested a further extension of this deadline by letter dated December 23, 2007. Dkt. No. 33. In that letter, Plaintiff stated that he was awaiting a decision by the Second Circuit on his application for a rehearing en banc of the Summary Order in this action. *Id.* Plaintiff's request was granted, and the deadline was extended until January 11, 2008. *Id.*

By letter dated January 8, 2008, Plaintiff renewed his request that the compliance deadline be extended. Dkt. No. 34. Plaintiff advised that his motion for a rehearing was still pending before the Second Circuit and stated that he did not want to make a decision regarding the waiver of his claims until such time as that motion was decided. *Id*.

The Court again granted Plaintiff's request. However, because it appeared that Plaintiff's motion for a rehearing had not been accepted for filing by the Second Circuit, and that Plaintiff

---

[1] The September Order was issued in accordance with the Summary Order issued by the Second Circuit which vacated in part the dismissal of this action. Dkt. No. 30. In that Order, the Second Circuit applied the holding in *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006), which afforded a plaintiff with "mixed sanctions" claims the opportunity to proceed with challenges to disciplinary sanctions affecting his conditions of confinement *"if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement."* *Peralta*, 467 F.3d at 104 (emphasis in original).

had been given notice of that determination on November 29, 2007, the Court advised Plaintiff that a "FINAL" extension of the compliance deadline to January 31, 2008 would be granted. Dkt. No. 34.

Plaintiff has not complied with the September Order. Accordingly, Plaintiff is deemed to have refused to waive "all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with claims challenging the sanctions affecting the conditions of his confinement." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). Because the remaining claims in this action arose from two disciplinary proceedings at Auburn Correctional Facility in 2001 and involve "mixed sanctions," these claims are barred by the "favorable termination rule" of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In light of the foregoing, this Court recommends that this action be **dismissed**.

**WHEREFORE**, based on the above, it is hereby

**RECOMMENDED**, that this action be **dismissed** in light of Plaintiff's failure to comply with the September Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:   March 7, 2008
       Albany, N.Y.

RANDOLPH F. TREECE
United States Magistrate Judge